UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

M.S. DOE, an individual,

Plaintiff,

v.

COUNTY OF PLUMAS, et al.,

Defendants.

No. 2:24-cv-02640-DJC-CSK

ORDER

Pending before the Court are Defendant Brandon Compton and Defendant County of Plumas's Motions to Dismiss. Both Motions seek to dismiss several federal causes of action in Plaintiff's Second Amended Complaint. Defendant Compton seeks to dismiss Plaintiff's eighth, ninth and tenth causes of action as duplicative of Plaintiff's excessive force claim and/or for being factually unsupported. Defendant County of Plumas also seeks to dismiss Plaintiff's Eighth, Ninth and Tenth causes of action for failure to allege an underlying constitutional violation and for failing to allege *Monell* liability. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART both motions.

////

////

## BACKGROUND

### I. Factual Background

Plaintiff brings her Second Amended Complaint against Defendant Brandon Compton and Defendant County of Plumas wherein she alleges that Defendant Compton, a correctional officer, sexually assaulted Plaintiff while she was an inmate in the Plumas County Jail and continued to harass her following her release. (*See generally* SAC (ECF No. 53).) The Court provided a detailed discussion of Plaintiff's allegations in its August Order (*see* August Order (ECF No. 48)) and proceeds with the understanding that the Parties are familiar with the facts in this case.

The Court notes that Plaintiff included additional allegations relating to her claims for *Monell* liability against Defendant County. (*See* SAC ¶¶ 101–150.) These allegations discuss Plaintiff's own experience, the absence of a Prison Rape Elimination Act ("PREA")-compliant policy, findings in the Board of State and Community Correction's 2012 inspection report identifying systematic staffing and policy deficiencies; repeated failure by Sheriff Hagwood and other final policymakers to investigate or discipline officers for sexual misconduct; corroborating accounts from multiple inmate and staff victims of sexual abuse and harassment; and post-event conduct: discovery responses, deposition testimony, and a federal injunction in the *Goodson* matter. (*Id* ¶ 102.) The Court further discusses the allegations in its discussion of *Monell* liability.

### II. Procedural Background

Plaintiff filed her initial complaint in September 2024. (ECF No. 1). The Court dismissed the complaint with leave to amend. (ECF No. 31). In February 2025, Plaintiff filed a First Amended Complaint that brought thirteen causes of action under state and federal law, (ECF No. 32), which both Defendants sought to dismiss (ECF Nos. 34, 35.) In the August Order, this Court held that Plaintiff's federal claims under 42 U.S.C. § 1983, and state law claims were timely. (August Order at 9,13.) The Court further found that Plaintiff's state law claims under the California Fair Employment and

Housing Act ("FEHA") were adequately pled, but that Defendant County was immune from liability from Plaintiff's state law claims for violations of the Tom Bane Civil Rights Act ("Bane Act"), Sexual Assault/Sexual Battery, Sexual Harassment and Gender Violence. (*Id.* at 19, 22–24.) Lastly, the Court held that Plaintiff's cause of action for Sexual Harassment against Defendant Compton was inadequately pled, and that Plaintiff's section 1983 claims were inadequately pled against Defendant County. (*Id.* at 25–30.)[1]

Plaintiff proceeded to file her SAC, bringing ten causes of action for (1) FEHA Sexual Harassment under FEHA; (2) Retaliation under FEHA; (3) Failure to Prevent Harassment and Retaliation under FEHA; (4) violations of the Bane Act; (5) Sexual Assault; Sexual Battery; (6) Gender Violence; (7) Cruel and Unusual Punishment/Excessive Force under 42 U.S.C. § 1983; (8) Failure to Protect under 42 U.S.C. § 1983; (9) Due Process/Bodily Integrity under 42 U.S.C. § 1983; (10) Equal Protection under 42 U.S.C. § 1983.[2]

Both Defendants seek to dismiss Plaintiff's eight, ninth, and tenth causes of action. Previously, this Court granted dismissal of these claims as they related to Defendant County because Plaintiff failed to allege an established custom or practice and failed to allege how or when an official policymaker ratified Defendant Compton's acts. Now, Defendant Compton seeks dismissal on the grounds that Plaintiff has failed to allege the necessary constitutional violation for each cause of action. Defendant County also seeks dismissal on the grounds that Plaintiff failed to allege the

---

[1] The Court also held that Plaintiff's claims under the TVPA were untimely and inadequately pled. (*Id.* at 13–16, 31–32.)

[2] Plaintiff brings suit against Defendant Compton in his individual and official capacity. An official-capacity suit "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell,* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167 n.14. Thus, claims against Defendant Compton in his official capacity will be treated as a claim against the County, which can be sued only in accordance with *Monell*.

underlying constitutional violation and again failed to plead *Monell* liability. The Court heard oral argument, and the matter was submitted.

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. Of S.F.,* 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal,* 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

These same standards apply to claims against municipal governments under Section 1983. *AE ex rel. Hernandez v. Cnty. of Tulare,* 666 F.3d 631, 637 (9th Cir. 2012). A plaintiff's allegations "may not simply recite the elements" of a claim under *Monell*. *Id.* (quoting *Starr v. Baca*, 651 F.3d 1202, 1216 (9th Cir. 2011). Rather, the complaint must "contain sufficient allegations of underlying facts to give fair notice" of the claims and allow the municipal government "to defend itself effectively." *Id.*

(quoting *Starr*, 652 f.3d at 1216). The plaintiff's allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr,* 652 F.3d at 1216).

## DISCUSSION[3]

### I. Individual Liability

Defendant Compton challenges three of Plaintiff's causes of action brought under 42 U.S.C. § 1983 for failure to protect, violations of due process/bodily integrity, and equal protection. To adequately plead a section 1983 claim, a plaintiff must allege that "defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California,* 764 F.3d 1002, 1009 (9th Cir. 2014) (citing *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986)). Defendant Compton's arguments for dismissal hinge on Plaintiff's failure to adequately plead a constitutional violation. Defendant County also presents arguments as to why Plaintiff has failed to sufficiently allege a constitutional violation. The Court addresses the Parties' arguments together.

#### A. Eighth Amendment Failure to Protect

Plaintiff brings an Eighth Amendment failure to protect claim against Defendant Compton under 42 U.S.C. § 1983. According to Plaintiff, Defendant Compton failed to protect her by using his position of power to sexually assault Plaintiff while she was incarcerated (SAC ¶ 224), subsequently failed to summon medical care after he assaulted her, (Opp'n at 3 citing SAC ¶ 133), and actively interfered with the

---

[3] Defendant County filed a Request for Judicial Notice asking this Court to take judicial notice of (1) the 2012 Board of Community Corrections Report and (2) the 1992 Consent Decree entered in the matter *Penderson v. County of Plumas.* No. 89-1659-LKK-JFM (E.D. Cal. Feb. 10, 1992). Under Federal Rule of Evidence 201(b), a district court may take notice of "a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Judicial notice of undisputed matters of public record, including records of state agencies and administrative bodies is proper. *See Disabled Rights Action Committee v. Las Vegas Events, Inc.,* 375 F.3d 861, 866 n.1 (9th Cir. 2004). The Court GRANTS Defendant County's request.

investigation that was designed to protect inmates (Opp'n at 3, citing SAC ¶¶ 36, 38–40).

Defendants seek to dismiss this cause of action on the ground that by its nature, a failure to protect claim requires that the danger to Plaintiff must come from someone other than the defendant officer. Because Plaintiff's theory rests on the actions of Defendant Compton, his failure to protect her from the sexual assault he is alleged to have committed is repetitive of an excessive force claim. Plaintiff argues that no such "third-party" limitation exists and that her theory involves not just the sexual assault but also his subsequent failure to provide her with medical care and interference with the investigation.

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer v. Brennan,* 511 U.S. 825, 832–33 (1994) and *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir. 2005)). A prison official violates an inmate's Eighth Amendment right where the alleged deprivation is objectively, "sufficiently serious," and subjectively deliberately indifferent to inmate health or safety. *Farmer,* 511 U.S. at 834. Under this standard, a prison official must know "that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Here, to the extent that Plaintiff reasserts the same allegations pertaining to Defendant's sexual assault to support her failure to protect claim, the Court finds the cause of action repetitive of her excessive force theory. Although Plaintiff cites to additional acts by Defendant Compton that may serve as a basis for failure to protect, particularly the allegation about failing to procure medical treatment for Plaintiff following Defendant Compton's sexual assault, the failure to protect claim is premised on the sexual assault. (*See* SAC ¶ 227.) Accordingly, the Court GRANTS Defendant Compton's Motion to Dismiss the Eighth Cause of Action.

**B. Fourteenth Amendment Due Process/Bodily Integrity**

Plaintiff also alleges that Defendants violated the Fourteenth Amendment's due process right to be free from violations of bodily integrity. Defendants argue that Plaintiff's claim must be dismissed because it is more properly analyzed under the Eighth Amendment. (County MTD at 11–12.) In her Opposition, Plaintiff argues that the SAC includes allegations about Defendant Compton's conduct following her release from custody such that she has stated a viable cause of action under the Fourteenth Amendment. (County Opp'n at 3–4.)

The Court agrees with Defendants to the extent that Plaintiff's allegations about Defendant Compton's conduct while she was in custody are properly assessed under the Eighth Amendment. *See Fontana v. Haskin,* 262 F.3d 871, 881–82 (9th Cir. 2001) (explaining that although a claim may "fit under the Fourteenth Amendment" where a different amendment is clearly applicable, the claim should be analyzed under the relevant amendment); *Wood v. Beauclair,* 692 F.3d 1041, 1045–46 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."). The Court also rejects Plaintiff's arguments made under a theory of familial integrity, as that is not advanced in the SAC. Nevertheless, the Court takes Plaintiff's point that the SAC includes conduct that occurred after Plaintiff was released. Even though the Ninth Cause of Action discusses Defendant Compton's actions while Plaintiff was in custody, the claim explicitly "refers to and herein incorporates each above paragraph inclusively" such that Defendants' narrow reading of the claim is inappropriate. (SAC ¶ 234.)

"Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." *Fontana*, 262 F.3d 881 n.6 (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 882 n.7 (citing *Cty. of Sacramento v. Lewis,* 532 U.S. 833, 846 (1998)). The threshold question is "whether

the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* (citing *Cty. of Sacramento*, 532 U.S. at 848 n.8).

The Ninth Circuit has indicated that a government official's conduct "shocks the conscience" in circumstances where a plaintiff alleged that a police officer handcuffed her, placed her in the back of a police car, and proceeded to sexually harass and inappropriately touch her. *Id.* at 882 n.7.[4] Conduct was also found to "shock the conscience" where a juvenile detention officer, who was 45 years older than the plaintiff – a female ward in juvenile hall – and had the power to discipline her was alleged to have isolated sexually harass and isolate plaintiff while she was in custody. *See Vasquez v. County of Kern,* 949 F.3d 1153, 1162–63 (9th Cir. 2020).

Here, Plaintiff's allegations that (1) Defendant Compton threatened Plaintiff with CPS and jail time after she declined his invitation for dinner; (2) Defendant Compton repeatedly showed up at Plaintiff's workplace, called Plaintiff and Plaintiff's mother repeatedly and requested nude photographs from her; and (3) appeared at Plaintiff's child custody hearing together sufficiently "shock the conscience" and infringe on Plaintiff's bodily integrity. (*See* SAC ¶¶ 38, 44, 76.) That Defendant Compton is alleged to have sexually harassed Plaintiff in these ways following her release is particularly egregious given Plaintiff's claims that Defendant Compton sexually assaulted her while she was in custody, and that Defendant Compton sought to manipulate Plaintiff into accepting his advances through her relationship with her children. Thus, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Ninth Cause of Action.

////

////

[4] In *Fontana,* the Ninth Circuit analyzed the plaintiff's claim under the Fourth Amendment because the plaintiff had been seized by the police, but the Ninth Circuit stated in a footnote that the alleged conduct was "egregious and outrageous and shocks the conscience as a matter of law." 262 F.3d at 882 n.7.

**C. Fourteenth Amendment Equal Protection**

Lastly, Plaintiff alleges that Defendants violated the Fourteenth Amendment's Equal Protection Clause. Defendants argue that Plaintiff fails to state a claim because she has not "allege[d] any specific discriminatory motive or effect" and has not demonstrated that she was treated in a worse fashion than similarly situated individuals. (Compton MTD at 2; County MTD at 13–15.) Plaintiff argues that the SAC sufficiently alleges that Defendant Compton targeted female inmates for sexual abuse and that Defendant County refuses to investigate claims made by past female inmates against a male officer.

To state a claim under section 1983 for a violation of the Equal Protection Clause, a plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Sampson v. Cnty. of Los Angeles by & through Los Angeles Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1022 (9th Cir. 2020) (citations omitted). "Intentional discrimination" means that a defendant acted "at least in part because of a plaintiff's protected status." *Garrett v. Governing Bd. of Oakland Unified Sch. Dist.,* 583 F. Supp. 3d 1267, 1275 (N.D. Cal. 2022) (citing *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003)).

Here, Plaintiff alleges that Defendant Compton sexually assaulted her and other female inmates, that Defendant County failed to investigate such complaints, and argues that these allegations support a finding of gender-based discrimination. The Ninth Circuit has explained that "[s]exual harassment violates the Equal Protection Clause because, by definition, it is 'motivated by gender.'" *Velasco Ortega v. Holloway,* No. 24-4930, 2025 WL 2477160, at *3 (9th Cir. Aug. 28, 2025) (citing *Sampson,* 974 F.3d at 1023)). At this stage in the proceedings, the Court finds that Plaintiff's allegations sufficiently support her claim that Defendant Compton's actions were due to Plaintiff's sex. *See Hess v. Garcia,* 72 F.4th 753, 761 (7th Cir. 2023) (stating that the complaint included "no suggestion" that the defendant officer "was

an 'equal opportunity harasser' who sexually assaulted men as well as women" and that the plaintiff's allegations of sexual harassment "easily support an inference that" the defendant officer "acted this way based on [Plaintiff's] sex."). Moreover, the lack of comparator allegations at this stage in the proceedings is not dispositive. *See Doe v. Wright,* No. 2:23-cv-00332-HL, 2023 WL 6810734, at *6–8 (D. Or. Oct. 16, 2023) (rejecting defendants' argument that a plaintiff must plead comparator evidence to allege an equal protection claim). Thus, the Court DENIES the Motions to Dismiss Plaintiff's Ninth Cause of Action.

## II. ***Monell* Liability**

Defendant County alleges that Plaintiff has failed to establish *Monell* liability. Previously, this Court held that Plaintiff did not establish *Monell* liability because (1) Plaintiff did not plead when prior incidents of sexual assault occurred to support a theory of an actionable custom, policy or practice that was the moving force behind Defendant Compton's assault; and (2) Plaintiff failed to identify a specific official with policy-making authority who affirmatively approved performed the ratification. Plaintiff argues now that the SAC has fixed the previous defects. (August Order at 26–31.)

Under the Supreme Court's decision in *Monell v. Department of Social Services.*, 436 U.S. 658 (1978), local governments may be liable under section 1983 for wrongs committed by the local government itself. A municipality or other local government entity is subject to *Monell* liability when that government, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Monell*, 436 U.S. at 692. A municipality, however, cannot be held liable solely for the purported constitutional violations of its employees, "or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Therefore, the municipality itself must have acted through an official municipal policy or custom. *See id.* at 694. The Ninth Circuit has recognized four theories for establishing municipal liability under *Monell*: "(1) an

official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

A plaintiff must demonstrate that an "official policy, custom, or pattern" on the part of the Defendant was "the actionable cause of the claimed injury." *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1143 (9th Cir. 2012) (citation omitted). The Ninth Circuit has discussed two types of policies; "polices of action" and "policies of inaction." *Id; Jackson v. Barnes,* 749 F.3d 755, 763 (9th Cir. 2014). A policy of inaction may be "based on a government body's 'failure to implement procedural safeguards to prevent constitutional violations." *Jackson,* 749 F.3d at 763 (citation omitted). In inaction cases, a plaintiff must first show "that [the] policy amounts to deliberate indifference to the plaintiff's constitutional right." *Jackson,* 749 F.3d at 763 (citing *Tsao,* 698 F.3d at 1143). This requires showing that the defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id.* (citing *Tsao,* 698 F.3d at 1145). Constructive notice exists where the risk was so "obvious" that it amounted to deliberate indifference. *See Tsao,* 698 F.3d at 1145. Second plaintiff must show and that "the policy caused the violation in the sense that the municipality could have presented the violation with an appropriate policy." *Jackson,* 749 F.3d at 763 (citing *Tsao,* 698 F.3d at 1143) (internal quotation marks and citations omitted).

Here, Plaintiff alleges a "longstanding policy, custom, and practice of deliberate indifference to sexual assault by officers that was to moving force behind Plaintiff's constitutional injuries." (SAC ¶ 102.) To support this claim, Plaintiff cites incidents that pre-date 2012. In particular, Plaintiff alleges that:

- Defendant Compton failed his psychological examination and that Sheriff Hagwood was aware of Compton's failed psychological examination, Compton's alleged overfamiliarity with female inmates prior to Plaintiff's sexual assault, and the County's disregard of such "warning signs" (*Id.* ¶ 143)

- A "sexualized culture that existed with the Plumas County Sheriff's Office" in the years preceding 2012 (*Id.* ¶¶ 131, 139)
- A 2008 sexual harassment complaint from a female employee of the PSCO existed and that Sheriff Hagwood was made aware of such complaint (*Id.* ¶ 142)
- A lack of onsite command which left Defendant Compton alone in the housing unit at times (*Id.* ¶ 109)
- A 1992 Consent Decree required each jail shift to have a female correctional officer and a designated supervisor present (*Id.* ¶ 105)
- Incomplete safety checks had occurred since 2011 without any imposed discipline (*Id.* ¶ 114)
- Sheriff Hagwood had his own indiscretions for sexual misconduct (*Id.* ¶ 138)
- That a video monitoring gap existed (*Id.* ¶¶ 112–13), and
- Failure to comply with PREA (*Id.* ¶ 132).

Based on Plaintiff's articulation of her claim, the cause of her injury is viewed as an omission in the Defendant County's policies: the failure to implement procedures that would protect inmates from custodial sexual assault. While not all of the allegations listed above are probative, the Court finds that Plaintiff has sufficiently alleged that the Defendant County was placed on notice of their shortcomings as it relates to this omission. In particular, the allegations that Defendant County "had no functional or operative policy to comply with the [PREA], despite federal enactment of PREA in 2003 and adoption of related standards by California's Board of State and Community Corrections through Title 15," and the 2012 BSCC Report's identification in lapses in staffing to ensure inmate safety and supervision are plausibly demonstrate that the Defendant County had notice.

Defendant County argues that the BSCC Report predated Plaintiff's 2013 assault by nearly a year, such that it was not indicative of the status of the applicable policies at the time of her assault. However, the timeframe between the two is not so

drastic, as the BSCC Report was issued in July 2012 and Plaintiff's assault is alleged to have occurred sometime between December 2012 and January 2013. The Report was also addressed to Sheriff Hagwood, the alleged chief policymaker for the PSCO, thereby informing him of these gaps. (SAC ¶ 118.) Defendant County also argues that it did investigate Plaintiff's alleged assault, but that Plaintiff was dishonest about what had occurred. However, the investigation that occurred after the assault does not mean the Defendant County was unaware of the procedural deficiencies before the assault. Further, Plaintiff plausibly alleges that with an appropriate policy, such incident would not have occurred. Although Defendant County argues that staffing deficiencies could not have prevented Plaintiff's assault, which did not involve any reported emergency, the Court disagrees. Plaintiff plausibly alleges that compliance with these standards would have prevented Plaintiff's sexual assault because a failure to have sufficient staff to conduct safety checks allows for correctional staff to engage in sexual abuse in violation of her Eighth and Fourteenth Amendment rights. As such, the Court DENIES dismissal of Plaintiffs' *Monell* allegations.[5]

## CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motions to Dismiss (ECF Nos. 56, 57). Defendants' Motions are GRANTED as to Plaintiff's Eighth Cause of Action without leave to amend and DENIED as to Plaintiff's Tenth Cause of Action. Defendant County's Motion to Dismiss is also DENIED as to dismissal of *Monell* allegations.

IT IS SO ORDERED.

Dated: **July 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

[5] The Court does not address Plaintiff's remaining theories under *Monell*.